UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 21-cr-10208-NMG(s) |
| PATRICK O'HEARN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
MOTION TO SUPPRESS STATEMENTS (Docket No. 298)**

In late 2020, the Federal Bureau of Investigation ("FBI") began an investigation into a methamphetamine drug conspiracy based in New England. Beginning in late October 2020 and continuing through March 2021, investigators utilized a cooperating witness (hereinafter, the "CW") to complete controlled purchases of methamphetamine from James Holyoke (hereinafter, "Holyoke") and his criminal associates, including from Holyoke's source of methamphetamine supply, Reshat Alkayisi (hereinafter, "Alkayisi"). During one of those controlled purchases, Holyoke also told the CW about another source of supply named "Patrick," which investigators believed to be a reference to defendant Patrick O'Hearn (hereinafter, "O'Hearn"). Investigators identified Alkayisi as a large-scale methamphetamine distributor, who also operated an illegal marijuana grow operation in Rhode Island. Investigators identified multiple regular methamphetamine customers of Alkayisi, including Holyoke and O'Hearn, among others.

Investigators also learned that Alkayisi used O'Hearn's residential address as the principal office location for Alkayisi's shell corporation, ALKC LLC. Alkayisi incorporated the business ALKC CORP in Rhode Island in October 2018, however, the business was administratively revoked for failure to file an annual report. In January 2021, Alkayisi incorporated the business

ALKC LLC in Massachusetts and listed O'Hearn's residential address (a condominium apartment in Braintree, Massachusetts) as the principal office location. Per the Certificate of Organization filed with the Massachusetts Secretary of State, Alkayisi is the only listed manager associated with the ALKC LLC business, which is described in the filing as a "consultant service – consult and provide tools for farmers who produce vegetables." Based on a review of the business bank accounts, there was no evidence to suggest that the business provided any consulting services or provided any farming tools or assistance to farmers. On the contrary, in addition to the methamphetamine operation, the only other business activities Alkayisi was known to conduct was a marijuana grow operation in Rhode Island. Alkayisi was not licensed in Rhode Island to operate a marijuana grow operation. Investigators believe Alkayisi used ALKC LLC as a front to launder money from his illicit drug trafficking, and that he used O'Hearn's home address as the business address in effort to conceal the drug proceeds from law enforcement detection.

Investigators received authorization to intercept a telephone used by Alkayisi for a total of sixty days, starting May 6, 2021 and ending on July 3, 2021. Based on interceptions and surveillance, investigators believe that Alkayisi used O'Hearn's residence to store methamphetamine, and that Alkayisi delivered methamphetamine to O'Hearn, as well as to other customers at O'Hearn's residence. *See* Dkt. 21-5335-JGD, Affidavit of FBI Task Force Officer Michael Muolo, filed in support of criminal complaint (hereinafter, the "Complaint Affidavit"), attached as Exhibit 1. The details set forth in the Complaint Affidavit are incorporated by reference as if fully set forth herein.

Investigators also obtained bank records for O'Hearn and Alkayisi. Those records indicate that O'Hearn paid Alkayisi approximately $100,000 between January and July 2021.

On July 8, 2021, investigators executed a federal search warrant at O'Hearn's residence in Braintree, Massachusetts. Upon executing the warrant, investigators found over 600 grams of pure methamphetamine, as well as several other controlled substances, including cocaine, ketamine, GHB, hallucinogenic mushrooms, and MDMA tablets. Investigators also seized $23,149 in U.S. currency. Investigators subsequently sought and obtained a search warrant for multiple bank accounts, as well as a safe-deposit box, in O'Hearn's name. Upon executing the search of the safe-deposit box, investigators seized $59,900 in cash.

The above-described evidence (as well as that detailed in the Complaint Affidavit) will form the basis of the government's case against O'Hearn. During the search of O'Hearn's residence, after being advised of his rights multiple times, and signing an advice of rights form acknowledging that he understood his rights,[1] O'Hearn agreed to speak with investigators. That discussion was recorded.[2] O'Hearn now moves to suppress the statements he made to investigators, claiming that he did not knowingly and voluntarily waive his rights. The government maintains that O'Hearn knowingly and voluntarily waived his rights, however, at this time, the government does not intend to offer O'Hearn's statements at trial.

As such, the Court should deny defendant Patrick O'Hearn's Motion to Suppress Statements (Dkt. No. 298) as moot.

---

[1] In the Motion, O'Hearn claims that there is no written waiver of rights form. O'Hearn did, in fact, sign a waiver of rights form, a copy of which is attached hereto as Exhibit 2.

[2] The interview was in English (O'Hearn's only language). A copy of the recording of the interview was produced to counsel for O'Hearn on October 1, 2021. On January 23, 2023, counsel for O'Hearn sent an email to the undersigned asking if there was a transcript of the interview. The undersigned respond via email two days later, stating that a transcript was not prepared since the interview was in English.

Dated: March 16, 2023

                                          Respectfully submitted,

                                          RACHAEL S. ROLLINS
                                          United States Attorney

                      By:      /s/ *Alathea E. Porter*
                                          Alathea E. Porter
                                          Assistant United States Attorney

## CERTIFICATE OF SERVICE

      I, Alathea E. Porter, Assistant U.S. Attorney, do hereby certify that on March 16, 2023, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

                                                  /s/ *Alathea E. Porter*
                                                  Alathea E. Porter
                                                  Assistant U.S. Attorney