UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | Case No.: 1:21-CR-10208-NMG-10 |
| | : | |
| PATRICK O'HEARN | : | |

## MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR BOND

Now comes Defendant, Patrick O'Hearn, by and through counsel, and hereby submits this memorandum in support of his request for bail pursuant to 18 U.S.C. § 3142 (a)(2). As grounds, Mr. O'Hearn avers he is not a flight risk and that there are conditions of release that will ensure the "the safety of any other person and the community," if granted bail. 18 U.S.C. § 3142 (f).

## I.      FACTS AND TRAVEL OF CASE

Mr. O'Hearn was originally charged via criminal complaint with Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. § 846 and Possession With Intent to Distribute 50 Grams or More of a Mixture and Substance Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(8). He was arrested on July 9, 2021, and initially appeared before the Court that same day. At the government's request, the Court ordered that he remain held without bail.

The Court conducted a detention hearing on July 14, 2021, where the issue of bail was taken under advisement. On July 21, 2021, the Court ordered Mr. O'Hearn's continued detention. On July 28, 2021, Mr. O'Hearn, through counsel, filed an Assented Motion for Reconsideration of Pretrial Release, where he claimed a change is circumstances. A second detention hearing was held on August 9, 2021, where Government, Probation, and Defense

agreed upon conditions of release that included Mr. O'Hearn's placement in the Bedrock

Recovery Center for substance abuse treatment.  The Court adopted the proposed conditions and

sets additional conditions resulting in Mr. O'Hearn's release on a $100,000.00 bond secured by

property located in Braintree, MA.

The government filed a superseding indictment against Mr. O'Hearn on September 1,

2021, which charged him with Conspiracy to Distribute and to Possess with Intent to distribute

500 Grams or More of a Mixture and Substance Containing Methamphetamine in violation of 21

U.S.C. § 846; Possession with Intent to Distribute 50 Grams or More of a Mixture and Substance

Containing Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(viii); Money

Laundering Conspiracy in violation of 18 U.S.C. § 1956(h); and Money Laundering in violation

of 18 U.S.C. § 1956(a)(1)(B)(i).  On September 13, 2021, he entered a not guilty plea and was

continued on the same terms and conditions imposed on July 21, 2021.

On August 1, 2022, the government filed a petition to revoke Mr. O'Hearn's bail.  The

Court held a revocation hearing on August 30, 2022, where it received evidence and arguments

for the and against revocation.  The Court continued the hearing to October 13, 2022, where Mr.

O'Hearn failed to appear prompting the issuance of a warrant for his arrest.  Mr. O'Hearn was

picked up on October 17, 2022.  He appeared before the court that same day where the Court

revoked his bond and ordered that he be detained.

On December 9, 2022, Mr. O'Hearn filed a motion for is re-release on bond, which was

denied on January 30, 2023.  Mr. O'Hearn has been detained since October 2022.  He now

submits this memorandum to the Court for reconsideration for his release on bail.

## II.     LAW

Due to the alleged Controlled Substance Act violation in this case, 18 U.S.C. § 3142(e)(3)(A) creates a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." This "presumption serves to shift the burden of production and to require that the defendant introduce '*some evidence*' to the contrary," *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990) (emphasis added), but "[t]he burden of persuasion remains with the government." *U.S. v. Palmer-Contreras*, 835 F.2d 15, 18 (1st Cir. 1988). Thus, the government must prove the defendant poses a risk of flight by a preponderance of the evidence and/or that the defendant is so dangerous that no set of conditions could assure the safety of the community by clear and convincing evidence, regardless of the presumption. See *United States v. Chimurenga*, 760 F.2d 400 (2d Cir. 1985).

"If this inquiry indicates that the defendant presents no danger to the community and no risk of flight, then the defendant can be released on personal recognizance or unsecured appearance bond as prescribed in 18 U.S.C. § 3142(b). If, however, there is some risk, we proceed to evaluate the conditions to see if they will serve as a reasonable guard." *Id* at 791. (citations omitted.). The statute is clear: "in determining whether there are conditions of release that will reasonably assure…the safety of any other person and the community," this Court "shall consider" the factors set forth in 18 U.S.C. § 3142(g)(1)-(4): the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, including their community and family ties, as well as their past conduct, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. As argued below, the proposed conditions of release are more than sufficient to rebut the presumption and to assure both Mr. O'Hearn' s appearance before this Court and the safety of the community.

### III.      ARGUMENT IN SUPPORT OF PRETRIAL RELEASE

Mr. O'Hearn is not a flight risk.  Mr. O' Hearn is also not a danger to the community.  He has no history of violence. He has, however, had a long-standing drug problem.  Regrettably, Mr. O'Hearn's previous failure to recognize that he has a significant substance abuse addiction – and the stigma attached to his addiction – resulted in his multiple misrepresentations to the Court regarding his continued use of controlled substances.

To position Mr. O'Hearn with a greater chance of long term abstinence and to comply with the substance abuse treatment aspect of the original conditions of release set forth by the Court, defense counsel has contacted High Point Treatment Facility in Plymouth and Recovery Center of America in Danvers, for in-patient clinical stabilization and transition services.  Both treatment facilities have indicated that Mr. O'Hearn would be able to placed into a residential setting within the respective facilities for long term treatment pending an intake screening.

Upon successful treatment at either facility, Mr. O'Hearn is willing to submit to GPS location monitoring or standalone monitoring with a curfew.  Mr. O'Hearn is also willing to continue to submit to random urine screens and attend out-patient substance abuse treatment to demonstrate to the Court his ability to adhere to the Court's conditions of release.

### IV.      CONCLUSION

Based on the foregoing, Mr. O'Hearn avers that there exists a combination of conditions to assure both his future appearance in Court and the safety of the community to warrant his pretrial release on bail.

> Respectfully submitted
> Defendant,
> PATRICK O'HEARN,
> By his Counsel

/s/ Kensley R. Barrett, Esq.
Kensley R. Barrett. (BBO# 708764)
Marin, Barrett & Murphy Law
1000 Chapel View Blvd, Suite 260
Cranston RI 02920
Phone: (401) 228.8271
Fax: (401) 679.0122
Email:  kb@marinbarrettmurphy.com

## **CERTIFICATION**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on July 31, 2023.

/s/ Kensley R. Barrett, Esq.
Kensley R. Barrett. (BBO# 708764)
Marin, Barrett & Murphy Law
1000 Chapel View Blvd, Suite 260
Cranston RI 02920
Phone: (401) 228.8271
Fax: (401) 679.0122
Email:  kb@marinbarrettmurphy.com