UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES ) | |
| ) | |
| v. ) | Criminal Case No. 1:21-CR-10208 |
| ) | |
| CHRISTINA LUA ) | |

**MOTION OF DEFENDANT CHRISTINA LUA FOR BILL OF PARTICULARS WITH REGARD TO VENUE**

Now comes Defendant Christina Lua and respectfully moves this Honorable Court, pursuant to Rule 7)(f) of the Federal Rules of Criminal Procedure, to order the United States to supply the particular factual allegations in support of its position that Ms. Lua is constitutionally subject to prosecution, in the District of Massachusetts, for an alleged money laundering conspiracy that contravenes 18 U.S.C. §1956(h). The Superseding Indictment provides no meaningful information regarding this issue, and the voluminous discovery produced by the United States is bereft of any evidence that Ms. Lua conspired to engage in any conspiracy that would vest this Court with venue pursuant to 18 U.S.C. §1956(i). Consequently, given the Constitutional mandate that the trial of an alleged crime "shall be held in the state where the said crime[] shall have been committed" (see Constitution, Art. III, §2, cl. 3) and the rule that Ms. Lau will waive this right if she does not challenge venue before trial begins (see Fed.R.Crim.P. 12(b)(3)(A)(i)), Ms. Lua respectfully contends she needs the particulars listed below to ensure her constitutional right to proper venue is substantively addressed prior to trial.

**Factual Statement**

Ms. Lua is a relative outlier within the scope of this prosecution, which is primarily focused on an alleged methamphetamine distribution ring involving her ten (10) codefendants. See Superseding Indictment, Count 1. More specifically, Ms. Lua is the only defendant not charged with any drug distribution activities, and she was not included in the original Indictment. Instead, she was introduced to this prosecution via Count 12 of the Superseding Indictment, which alleges that she and four other co-defendants violated 18 U.S.C. §1956(h) by participating in a money laundering conspiracy "in the Districts of Massachusetts and Rhode Island, and the Central District of California, and elsewhere." See Superseding Indictment, Count 12. Ms. Lua is not charged in any other count.

The four co-defendants with whom Ms. Lua allegedly conspired to launder money are Reshat Alkayisi, Noah Tavella, Brian Keleman, and Patrick O'Hearn. Ms. Lua is married to Mr. Alkayisi and lived with him at their marital home in Rhode Island prior to his arrest, and their relationship is further addressed in the following paragraph. Although the United States has produced voluminous documentary and Title III discovery, none of this discovery provides any factual support for the proposition that Ms. Lua joined in any money-laundering conspiracy with Messrs. Tavella, Keleman, or O'Hearn.

As noted above, Ms. Lua and Mr. Alkayisi are married and lived together in Rhode Island prior to Mr. Alkayisi's arrest and subsequent detention. During that time, Ms. Lua maintained a checking account and a savings account with the Bank of Newport in Newport, Rhode Island, and the United States subsequently seized $16,705.92 from

these Rhode Island bank accounts. See Superseding Indictment, Money Laundering Forfeiture Allegation, §§1(j) and 1(k). The United States also seized two motor vehicles from Ms. Lua that were registered in Rhode Island and, according to the discovery produced by the United States, were purchased from a car dealership in Warwick, Rhode Island. See Superseding Indictment, Money Laundering Forfeiture Allegation, §§1(a) and 1(b). The Superseding Indictment's Money Laundering Forfeiture Allegation does not allege any other assets that are purportedly attributable to Ms. Lua.

While the discovery produced by the United States does involve many intercepted telephone calls between Ms. Lua and Mr. Alkayisi (as would be expected between any married couple whose phone calls were surreptitiously monitored for several months), the parties dispute the import of these intercepted telephone calls. More specifically, the United States contends some of these calls implicate Ms. Lau in a money laundering conspiracy with Mr. Alkayisi, while Ms. Lau contends this characterization is inaccurate. In any event, none of these calls reveal any evidence of money laundering activity within the District of Massachusetts.

## **Argument**

Although Ms. Lua is Constitutionally entitled to be tried "in the state where the said crime[] shall have been committed" (see Constitution, Art. III, §2, cl. 3), she will lose that right if she does not raise the issue of venue before trial begins. See Fed.R.Crim.P. 12(b)(3)(A)(i). Because the discovery produced by the United States has provided no evidence that Ms. Lua conspired with anyone to launder money within the

District of Massachusetts[1], she needs the instant bill of particulars to assess the merits of a pre-trial motion to dismiss for improper venue.

The United States may respond that 18 U.S.C. 1956(i)(2) contains a venue provision for an alleged conspiracy to launder money, but that provision only vests this Court with venue if (a) Ms. Lua participated in the transfer of illegally obtained funds from Massachusetts to Rhode Island or (b) an act in furtherance of Ms. Lua's conspiratorial agreement took place in Massachusetts. Again, there is no evidence that Ms. Lua participated in the transfer of illegally obtained funds from Massachusetts and, with regard to Ms. Lua's alleged participation in a money laundering conspiracy that either occurred in Massachusetts or was furthered in Massachusetts, the United States has not presented any evidence to meet its burden of proving that Ms. Lua intelligently, knowingly, and with specific intent entered into such a conspiracy and voluntarily participated in the conspiracy. See, e.g., United States v. Yefsky, 994 F.2d 885, 890 (1st Cir. 1993). At most, the discovery produced by the United States shows that Ms. Lua was a Rhode Island resident who maintained a checking and savings account in Rhode Island and possessed two motor vehicles that were purchased from a Rhode Island dealership and registered in Rhode Island.

Ms. Lau (or, more precisely, her undersigned counsel) recognizes the issue of proof is typically reserved for trial, but Ms. Lua's exclusive presence in Rhode Island and the Superseding Indictment's exclusive reliance on Rhode Island-based activity (as pertains to Ms. Lua) raise substantive venue-related concerns that must be resolved prior

---

[1] To be clear, Ms. Lua denies that she engaged in money laundering anywhere, but this motion focusses on Massachusetts in light of the venue considerations.

Page **4** of **6**

to trial. Otherwise, Ms. Lua will be in the fundamentally unfair position of not knowing whether she has a viable basis for challenging venue in a pre-trial motion, and she will waive this potentially viable defense if she does not raise it before trial begins. See Fed.R.Crim.P. 12(b)(3)(A)(i).

### Request for Bill of Particulars

In light of the foregoing, Ms. Lua respectfully moves this Honorable Court to order the United States to respond to the following Bill of Particulars regarding the allegations set forth in Count Twelve of the Superseding Indictment:

1. the date and nature of the earliest statement and/or event upon which the United States will rely to establish when each of the five co-defendants allegedly joined the conspiracy;

2. the specific individual(s) with whom Ms. Lau allegedly agreed to commit and/or facilitate activity in furtherance of the alleged conspiracy;

3. the date, nature, and location of each act that Ms. Lua allegedly agreed would be committed by her and/or other members of the alleged conspiracy; and,

4. all evidence upon which the United States will rely to prove that Ms. Lua entered into the alleged conspiracy knowingly, intelligently and with specific intent that the conspiracy would be committed and/or furthered within the District of Massachusetts.

                                                      Respectfully submitted,
                                                      **CHRISTINA LUA**
                                                      By her attorney,

                                                      /s/ John S. Day
                                                      _____
                                                      John S. Day (BBO #639249)
                                                      Day Law Firm, P.C.
                                                      33 Railroad Avenue, Suite 4
                                                      Duxbury, MA 02332
                                                      781-789-3001 (telephone)
Date:   February 20, 2024                    jday@daylaw.com (e-mail)

## Certificate of Service

I, John S. Day, hereby certify that, on February 20, 2024, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing ("NEF").

                                                      /s/ John S. Day
                                                     _____
                                                     John S. Day, Esq.
                                                     BBO No. 639249