UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, )
) 
Plaintiff ) 
) No. 1:21-cr-10208-NMG
vs. )
)
RESHAT ALKAYISI, ET AL., )
)
Defendants. )
)
)
)

BEFORE THE HONORABLE NATHANIEL M. GORTON
UNITED STATES DISTRICT JUDGE
Status Conference

John Joseph Moakley United States Courthouse
Courtroom No. 4
One Courthouse Way
Boston, Massachusetts 02210

September 14, 2023
3:58 p.m.

Kristin M. Kelley, RPR, CRR
Official Court Reporter
John Joseph Moakley United States Courthouse
One Courthouse Way, Room 3209
Boston, Massachusetts 02210
E-mail: kmob929@gmail.com

Mechanical Steno - Computer-Aided Transcript

APPEARANCES:

Alathea E. Porter
United States Attorney's Office MA
1 Courthouse Way
Suite 9200
Boston, MA 02210
617-748-3318
alathea.porter@usdoj.gov
for Plaintiff.

Mark W. Shea
Shea & LaRocque LLP
88 Broad Street
Suite 101
Boston, MA 02110
617-577-8722
markwshea@gmail.com
for Reshat Alkayisi.

James B. Krasnoo
Krasnoo, Klehm & Falkner LLP
28 Andover Street, Suite 240
Andover, MA 01810
978-475-9955
jkrasnoo@kkf-attorneys.com
for Brian Keleman.

Carlos Jorge Dominguez
4th Floor, Suite 400
90 Canal Street
Boston, MA 02114
617-742-2824
dmngzcarlos@aol.com
for Eric Daneault.

Stanley W. Norkunas, Esquire
150 Westford Road,Unit 26
Tyngsborough, MA 01879
978-454-7465
attyswn@msn.com
for Emil Dzabiev.

APPEARANCES:

Paul J. Garrity
14 Londonderry Road
Londonderry, NH 03053
603-434-4106
garritylaw@myfairpoint.net
for Edison Klotz.

Kensley Barrett
Marin & Barrett, Inc.
1000 Chapel View Blvd
Suite 260
Cranston, RI 02920
401-380-6724
kb@marinbarrettmurphy.com
for Patrick O'Hearn.

John S. Day
Day Law Firm, P.C.
99 Derby Street
Suite 200
Hingham, MA 02043
781-789-3001
jday@daylaw.com
for Christina Lua.

P R O C E E D I N G S

THE CLERK: This is Criminal Action No. 21-10208, the United States of America versus Reshat Alkayisi, et al.

Would counsel please introduce themselves for the record.

MS. PORTER: Good afternoon, your Honor. Alathea Porter on behalf of the United States.

THE COURT: Miss Porter, good afternoon to you.

MR. KRASNOO: Good afternoon, your Honor. James Krasnoo on behalf of Brian Keleman.

THE COURT: Mr. Krasnoo, good afternoon.

MR. SHEA: Good afternoon, your Honor. Mark Shea on behalf of Reshat Alkayisi.

THE COURT: Mr. Shea for Mr. Alkayisi, good afternoon.

MR. DAY: Good afternoon, your Honor. John Day on behalf of defendant Christina Lua.

THE COURT: That was Mr. Day?

MR. DAY: Yes, your Honor.

THE COURT: Mr. Day, good afternoon to you.

MR. GARRITY: Your Honor, good afternoon. Paul Garrity for Mr. Klotz.

THE COURT: Mr. Garrity for Mr. Klotz, yes.

MR. BARRETT: Good afternoon, your Honor. Tim Barrett for Patrick O'Hearn.

THE COURT: Mr. Barrett for Mr. O'Hearn.

We have a couple to go. Do I have Ms. Hackett?

THE CLERK: Judge, she has not yet signed on. It was decided we would just, since it was close to four o'clock already, that we would proceed without her. I don't know if she's tied up or whatnot.

THE COURT: Fair enough. How about Mr. Norkunas? Do we have him?

You're muted, Mr. Norkunas.

MS. PORTER: I don't think he's turned on his microphone or joined the audio.

04:00

THE COURT: I have the same problem, Mr. Norkunas, quite often. Maybe we'll have to use sign language for him.

How about Mr. Dominguez?

MR. DOMINGUEZ: Good afternoon, your Honor. Carlos Dominguez on behalf of Eric Daneault.

THE COURT: Thank you, Mr. Dominguez.

So the only one we are missing is Ms. Hackett and Mr. Norkunas has some technical problems, but at least perhaps we can go forward and if there is a problem, Mr. Norkunas, you can give us the "hi" sign. Okay? All right.

04:01

We are here on a status conference in this multi-defendant case in which there are, as I understand it, four motions to suppress that are still outstanding. I'm not clear as to why, but certainly the Court takes some blame as to why they have not been resolved sooner since they were filed

back early in 2023.

The Court has determined that it is going to deny three of the four motions. It expects to deny request No. 84, Mr. O'Hearn's motion to suppress evidence seized at his Braintree residence pursuant to a search warrant, which is docket 295, and defendant Alkayisi's motion to suppress, docket No. 302.

With respect to defendant O'Hearn's motion to suppress statements, which is a separate motion, docket No. 298, the

04:02 Court would like the government to file a further briefing on the following issue: In its response to defendant O'Hearn's motion to suppress statements, the government contends that the motion is moot because it does not intend to offer Mr. O'Hearn's statements at trial. Did the government, however, use Mr. O'Hearn's statements to retrieve other admissible evidence and, if so, is that evidence not the fruit of the proverbial poisonous tree? I'd like the government to brief that subject within a week and then the Court will rule formally on all four motions to suppress very soon thereafter.

04:03 I do understand that this case is at least currently marked for trial to begin on Monday, November 6.

Is there anything else that you would like to call to my attention? I'll start with the Assistant United States Attorney, Miss Porter.

MS. PORTER: Yes, your Honor. I understood that

defendant Watson, who is represented by Ms. Hackett, who is not here, had filed a motion to continue the trial as to him since she was just recently appointed. I had heard from a number of other counsel for other defendants in the case that they also would like to continue the trial date. The government is prepared to go forward. There are still eight defendants left in the case. I believe two additional defendants we are likely to resolve short of trial, potentially an additional three defendants. That would leave five remaining.

04:04 So I wanted to get before the Court as soon as possible given the impending trial date and also that pretrial filings will be due a week after what the Court has set for the status conference for Mr. Watson, so I had requested that we get before your Honor in case other defendants did wish to seek a continuance so that we could move that trial date.

THE COURT: Tell me. Are any of the defendants incarcerated?

MS. PORTER: Yes, your Honor. Defendant Alkayisi is in custody. Defendant Watson is in custody. Emil Dzabiev is 04:05 in custody. The other defendants who are in custody, I believe, we will be resolving the case.

That includes Mr. Daneault. We have been in discussions. I believe it's likely, Mr. Dominguez can speak to that, but I believe that will be resolved via plea.

THE COURT: All right. I'll hear from defense

counsel. Probably it would be easier to go around with me directing so that you all aren't interrupting one another.

Mr. Shea on behalf of defendant Alkayisi, do you wish to be heard?

MR. SHEA: Yes, please, your Honor. My client would like a continuance of the trial date under Rule 36. I discussed it with him. As you pointed out, he is incarcerated --

THE COURT: Wait a minute. I'm having trouble, Mr. Shea. You're breaking up a little bit. I didn't hear those dates that you gave me.

MR. SHEA: I didn't. I was just saying that we waive Rule 36 and my client does not have a problem with moving the trial date. He would like to go through discovery, which has been a problem to get access to it at Wyatt.

THE COURT: I heard most of that except what did I hear about 136? What's that?

MR. KRASNOO: He said, your Honor, he was waiving Rule 36.

THE COURT: Thank you, Mr. Krasnoo.

MR. KRASNOO: That's the advantage of having hearing aids, your Honor.

THE COURT: Maybe I should have them too.

Mr. Shea, anything else?

MR. SHEA: The one thing on a trial date, Judge, the

parties had talked about March. I don't know if the Court was aware of that. For my client, he pointed out to me, rightly so, that that is the time of Ramadan and he is a practicing Muslim. So being on trial while he was fasting from morning until night would be difficult and he asked me to bring that to the Court's attention.

THE COURT: All right. That's defendant No. 1. Mr. Krasnoo on behalf of Keleman?

MR. KRASNOO: Yes. I would like a continuance past the current date for the reason I had complete shoulder replacement surgery July 18. I was out until September 6. I'm not back full-time. I get extremely tired around this time of day. The sole reason I'm at the office now is because it was scheduled for 3:45 to 4 o'clock. I don't have a full energy level back. I expect that will dissipate over the next four to five weeks while I'm getting physical therapy twice a week as well.

Does your Honor go full days for trial?

THE COURT: Yes. My full days I go to 3 or 3:30. I don't go after 3:30, but I do have afternoon sessions most days. Sometimes the afternoon business will take precedence. I would say most of the time we go what I call a two-thirds day, nine to one, break for lunch until two and then go to 3 or 3:30 in the afternoon.

MR. KRASNOO: Then I would definitely request a

continuance, your Honor. I'm likely to have continued physical therapy. I'm in it twice a week now and it looks like it's going to be a six to seven week period of time. I already started it two weeks ago. Up until then I was confined to the house doing home exercises. I would never be able to get back to my therapist in Tewksbury on the time schedule of the trial and I need that.

THE COURT: So we're looking for a couple of months? Is that it?

04:09 MR. KRASNOO: I could be comfortable, your Honor, anywhere from January on. I recognize there were discussions from other people with March or April. I'm comfortable with that. So is my client. I've discussed with him that there were certain co-counsel that needed a continuance if they could get it and did he have any problems with that. He said no, even though there was a passage of time that is a concern to all of us.

THE COURT: Mr. Dominguez.

MR. DOMINGUEZ: Your Honor, we do not oppose a 04:10 continuance of the trial date. Having said that, AUSA Porter accurately stated that we are in negotiations and very close to having a plea agreement signed and also scheduling a Rule 11 hearing.

THE COURT: All right. Thank you.

Ms. Hackett is not with us, so I can't get her, but I

understand that she was just appointed within the last month. It is understandable that she would like some additional time before trial.

Mr. Norkunas, on behalf of defendant Dzabiev. We have the sound problem. Why don't you give me a sign "yes" or "no" if you're seeking a continuance.

You are seeking a continuance. Are you agreeing that three or four months is what you need? Okay. So we're looking at, at least from Mr. Norkunas's point of view, early spring, February, March, or April. Okay.

04:11

How about Mr. Garrity on behalf of defendant Klotz?

MR. GARRITY: Your Honor, I'm never opposed to a continuance. I've never opposed. I think I'm in a position like Mr. Dominguez. We're most likely going to be entering a plea agreement and resolve it that way.

THE COURT: All right. Thank you, Mr. Garrity.

Mr. Barrett on behalf of defendant O'Hearn?

MR. BARRETT: Yes, your Honor. Thank you. I'm not opposed to a continuance either. I'm waiting to hear after the U.S. government responds to the brief that you mentioned earlier for the motion to suppress. I do believe that we will be entering into a plea agreement. Discussions have been had. We're not quite there yet. It really depends on what happens with the motion to suppress that you mentioned earlier. My client does have some health issues. He is detained. We're

04:12

also trying to work through that right now. To answer your question, not opposed to a continuance. I would think probably two to three months would be the duration.

THE COURT: I did not record that your client is also incarcerated, is that correct?

MR. BARRETT: That's correct, your Honor.

THE COURT: Does that mean, Miss Porter, four are incarcerated?

MS. PORTER: Sorry, your Honor. That was my fault. I had forgotten. Mr. O'Hearn had been out on release of conditions and then violated those conditions and then was detained eventually. So he has been in custody for the last year but not for the duration of the case.

THE COURT: Finally, Mr. Day, on behalf of defendant Lua.

MR. DAY: Yes, your Honor. Ms. Lua and I have no objection to a continuance. She's not being held in custody. In fact, she's in California on conditions of release. I did obtain some additional information from the government this morning in terms of device extractions that she and I are in the process of reviewing. We have no objection to a continuance.

THE COURT: All right. Counsel, just earlier this afternoon I agreed on a multi-defendant criminal trial for, I believe it was March 6, Christine?

THE CLERK: Yes, Judge. It's March 11 is the Monday.

THE COURT: That's a two-week trial, was it not?

THE CLERK: Yes.

THE COURT: How many defendants in that one?

THE CLERK: Two.

THE COURT: What was the date of filing of that one?

THE CLERK: Give me one moment. It's a 2022 case.

THE COURT: I think it was too.

It sounds like everybody would be in favor of a March trial except perhaps Mr. Alkayisi. Mr. Shea mentioned his religious problem.

What about April, Christine?

THE CLERK: Sure. Let me look here. You'll be away the end of March. April 1 or 8 appear to be okay.

THE COURT: Why don't we do it on April Fool's Day, April 1.

MS. PORTER: Your Honor, I'm sorry to interrupt. I wasn't familiar myself with the Ramadan schedule, but Google tells me that it runs through April 9. It is a month long.

THE COURT: Well, that will be the government's case. He will be hungry during the government's case but he'll be able to participate perhaps after that, right?

MR. SHEA: If we only have one week after, we would be close to clear of it.

THE COURT: Let's try April 1 for the trial. What is

the expected length of this trial, Miss Porter?

MS. PORTER: I think it's at least two weeks, your Honor.

THE COURT: Okay. With four or five defendants, how many witnesses are you going to have?

MS. PORTER: Hard to say, your Honor. At this time, somewhere between 10 and 15.

THE COURT: Okay.

MS. PORTER: Potentially more depending on chemists and stipulations.

THE COURT: All right. We'll schedule it for Monday, April 1, 2024.

Backing up with such a large case, I'm going to go a little broader in terms of the time that I want. I want in limine motions six weeks ahead of time, so by the middle of February.

Give me a Monday in the middle of February, Christine.

THE CLERK: I think the middle of February would be February 12, or if you did a week later, it would be probably the 20th because the 19th is the holiday.

THE COURT: Let's say on February 20 in limine motions are due. They would be responded to by two weeks later but not the Tuesday, the Monday. That would be March 4, oppositions to in limine motions. And then, on that day, which is four weeks before trial, let's say March 11 I will want your list of

witnesses and exhibits and then on the 18th, two weeks before trial, oppositions to the opponent's list of witnesses or exhibits and exhibits and your first effort at requests for instructions to the jury, which of course can be supplemented during the course of trial, but I want your first effort two weeks before trial. Also on that day, proposed questions for the voir dire jury panel and a verdict form. I believe those are the variables I need.

We have to also schedule a final pretrial conference, which would be probably the week before. I'm away part of that week. What about the Monday or Tuesday before the trial?

THE CLERK: I think you may be at a different conference that day. The First Circuit judges workshop.

THE COURT: All right. Give me a time when I'm not there.

THE CLERK: The week prior?

THE COURT: Sure.

THE CLERK: Why don't we say, Thursday, March 21 at 3 p.m.

THE COURT: Thursday, March 21 at 3 p.m. for a final pretrial conference.

Any problem with any of those dates, counsel?

MS. PORTER: No, your Honor.

MR. SHEA: Just getting back to the trial starting during Ramadan, I have an objection. I have no objection to

the continuance.

THE COURT: Okay. I'm sorry, Mr. Shea, about that. I'm cognizant of a whole bunch of other schedules that have to be inserted. I'm just hopeful it will not be too disruptive. If you have a problem that you want to address formally by a motion, I will hear you, but in the meantime, I'm going to go with these dates.

MR. GARRITY: Your Honor, can I just?

THE COURT: Yes. Go ahead, Mr. Garrity.

04:20 MR. GARRITY: Even though I expect Mr. Klotz to resolve by way of a plea, so the Court is aware, in the off chance, I don't expect this, but if Mr. Klotz wants to go to trial, I just had a two-week trial scheduled with Judge Talwani yesterday starting for April 1. That client's incarcerated. On March 21, I'm on a cruise ship, but like I say, I think it will be a plea most likely.

THE COURT: Why don't you let us know as timely as you can if there's further problem.

MR. GARRITY: I will.

04:20 THE COURT: I do need to be concerned about the Speedy Trial Act. Apparently, there has been some confusion about prior exclusions of time. I don't know if counsel agrees with that, but my Clerk seemed to think that there is some sort of a discrepancy with what time has been excluded.

What I would propose is that the government file a

motion to exclude all time from December 6, 2022 and June 12, 2023 and then again all time between today's date and April 1, 2024 in the interest of justice and under the Speedy Trial Act.

Any problem with that from any counsel?

MR. KRASNOO: Not for Mr. Keleman, your Honor.

THE COURT: I don't hear any objections, so with the government being good enough to file that motion in which all eight defendants will join, do I hear any dissent from that? Okay.

04:22 Does that take care of all of the problems that we were concerned about?

MR. KRASNOO: Just a point of clarification, your Honor. I didn't get the time for the conference on March 21, but also, would that be by Zoom or in person?

THE COURT: The final pretrial conference I want counsel here. There are too many matters that need to be resolved in the courtroom and about the courtroom technology. I am a fan of Zoom technology in all other instances, but when we get to jury trials and we get the final pretrial 04:22 conferences, I want counsel here. So that one I need you here. Okay? The time was 3 p.m.

Anything else that needs to come to my attention before we adjourn for the day?

MS. PORTER: No, your Honor.

THE COURT: Thank you, counsel. We're adjourned.

Thank you.

(Adjourned, 4:23 p.m.)

C E R T I F I C A T E

UNITED STATES DISTRICT COURT )

DISTRICT OF MASSACHUSETTS    )

I, Kristin M. Kelley, certify that the foregoing is a correct transcript from the record of proceedings taken September 14, 2023 in the above-entitled matter to the best of my skill and ability.

/s/ Kristin M. Kelley          October 29, 2024

Kristin M. Kelley, RPR, CRR          Date
Official Court Reporter