United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 21-10208-NMG |
| Robyn Costa, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is the Motion for Compassionate Release pursuant to 18 U.S.C. §3582 (Docket No. 814) of defendant Robyn Costa ("Costa" or "defendant"). Because the Court finds that no extraordinary and compelling reason exists to justify her early release, the motion will be denied.

I.   **Background**

Costa was convicted of crimes related to her involvement in a large-scale methamphetamine distribution conspiracy across the New England area. Specifically, Costa pled guilty to 1) Conspiracy to Distribute and to Possess with Intent to Distribute 500 grams or more of a Mixture and Substance Containing Methamphetamine, in violation of 21 U.S.C. §846, 2) Possession with Intent to Distribute 50 grams or more of Methamphetamine, in violation of 21 U.S.C. §841(a)(1) and 841(b)(1)(A)(iii) and 3) Possession of a Firearm in Furtherance

-1-

of a Drug Trafficking Offence, in violation of 18 U.S.C. §924(c). She was sentenced to 102 months in prison.

Costa has a fourteen-year-old daughter, Gianna Costa, who is currently in the custody of the Massachusetts Department of Children and Families ("MDCF"). Since Costa's arrest in 2021, Gianna has exhibited behavioral problems and has been in the custody of four different guardians, including her maternal grandmother, her maternal aunt, and other extended family members and friends. She was placed into MDCF custody in late 2024.

Since being placed in MDCF custody, Gianna's behavioral issues have worsened, and has required police intervention on at least one occasion. She has refused to attend school and has made several statements of suicidal ideation. Gianna has been committed to inpatient psychiatric treatment at least three times as a result of that behavior, the longest of which lasted nearly two months.

## II. Motion for Compassionate Release

### A. Legal Standard

A court may reduce a defendant's term of imprisonment pursuant to 18 U.S.C. § 3582(c) only if it finds that there are "extraordinary and compelling reasons" warranting such a reduction. 18 U.S.C. §3582(c)(1)(A)(i). Even if "extraordinary and compelling reasons" exist, a court should only grant a

-2-

motion for release if it determines that the reduction is warranted under the particular circumstances of the case. See United States v. Saccoccia, 10 F.4th 1, 4 (1st Cir. 2021).

In 2023, the United States Sentencing Commission ("the USSC") clarified the meaning of "extraordinary and compelling reasons" within the context §3582(c)(1)(A)(i).  As relevant to the pending motion, the guidelines provide that the "death or incapacitation of the caregiver of the defendant's minor child" may qualify as an extraordinary and compelling reason for release. U.S.S.G. 1B1.13(b)(3)(A).

### A. Application

Costa brings this motion under §3582(c)(1)(A)(i) and asserts that Gianna's present custodial situation is so detrimental to her mental and physical health as to warrant a sentence reduction.  The government responds that Costa has failed to show that: 1) Gianna's caregiver has died or become incapacitated, 2) Costa would be allowed or able to care for Gianna if released and 3) the circumstances of the case warrant a sentence reduction.

The Court agrees with the government.  Although Gianna's circumstances are serious, it is unclear that Costa would be legally entitled to parental custody upon her release.  The Court is also  not convinced that Costa would be able to provide her daughter with the care that she needs or that such care is

currently unavailable in the foster system.  Mere conclusory statements with respect to such circumstances are insufficient to establish extraordinary and compelling reasons for release. See, e.g., United States v. Hodges, No. 2:23-CR-00048-JAW-1, 2025 WL 1796098, at *8 (D. Me. June 30, 2025); United States v. Figueroa-Gibson, No. CR 16-802 (RAM), 2024 WL 376432, at *6 (D.P.R. Jan. 31, 2024); United States v. Cameron, No. 1:13-CR-00001-JAW-1, 2024 WL 5090191, at *15 (D. Me. Dec. 12, 2024).

Moreover, even if such circumstances could be demonstrated, Costa's serious criminal history counsels against release at this time.  She trafficked a large amount of deadly drugs and pled guilty to firearm charges.  Costa's sentence reflects the severity of those offenses and any reduction in that sentence would fail to account for the dangerous nature of those crimes.

### ORDER

For the forgoing reasons, the Motion for Compassionate Release (Docket No. 814) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
Senior United States District Judge

Dated: May 26, 2026

-4-